**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**VERDELL PATTERSON, Individually and on behalf of all others similarly situated,**

**Plaintiff,**

**v.**

**BAKER CONCRETE CONSTRUCTION INC.,**

**Defendant.**

**Case No. ________________________**

**JURY TRIAL DEMANDED**

**COURT SUPERVISED NOTICE ACTION PURSUANT TO 29 U.S.C. § 216(b)**

## ORIGINAL COURT SUPERVISED NOTICE ACTION COMPLAINT

Plaintiff—Verdell Patterson—brings this action individually and on behalf of all current and former hourly laborers (collectively, "Plaintiff and the Putative Collective Members"), who worked for Defendant—Baker Concrete Construction Inc. ("Baker")—anywhere in the United States, at any time from three years preceding the filing of this Original Complaint through the final disposition of this matter, to recover unpaid overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938 ("FLSA").

## I. OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the FLSA.

2. Plaintiff and the Putative Collective Members are those similarly situated persons who worked for Baker, anywhere in the United States, at any time from March 3, 2023 through the final disposition of this matter, and have not been paid for all hours worked, nor the correct amount of wages, including overtime, in violation federal law.

3. Although Plaintiff and the Putative Collective Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective Members were not paid overtime of at least one and one-half times their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period(s), Baker knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis.

5. Specifically, Baker's regular practice—including during weeks when Plaintiff and the Putative Collective Members worked in excess of forty (40) hours (not counting hours worked "off-the-clock")—was (and is) to require Plaintiff and the Putative Collective Members to perform post-shift work off-the-clock.

6. The effect of Baker's practices was (and is) that all compensable time worked by Plaintiff and the Putative Collective Members was not (and is not) counted and paid; thus, Baker has failed to properly compensate Plaintiff and the Putative Collective Members for all hours worked and has failed to properly compensate them for the proper amount of overtime under the FLSA.

7. Baker knowingly and deliberately failed to compensate Plaintiff and the Putative Collective Members for the proper amount of overtime on a routine and regular basis during the relevant time period(s).

8. Plaintiff and the Putative Collective Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.

9. Plaintiff and the Putative Collective Members seek to recover all unpaid overtime compensation, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

10. Plaintiff also prays that all similarly situated workers (Putative Collective Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

11. Plaintiff—Verdell Patterson ("Patterson")—was employed by Baker during the relevant time period(s). Plaintiff Patterson did not receive the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former hourly laborers who were employed by Baker at any time from March 3, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff worked and was paid.

13. Defendant Baker Concrete Construction, Inc. ("Baker") is a domestic limited liability company, that is licensed to and doing business in the State of Ohio, and may be served through its registered agent for service of process: **National Registered Agents, Inc., 4400 Easton Commons Way, Suite 125, Columbus Ohio 43219.**

## III.
## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over Plaintiff's claims under the FLSA, 29 U.S.C. §§ 201–19, pursuant to 28 U.S.C. § 1331.

15. Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

---

[1] The written consent of Verdell Patterson is attached hereto as Exhibit "A."

16. Venue is proper pursuant to 28 U.S.C. § 1391 in the Southern District of Ohio because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

17. Additionally, Baker's corporate headquarters are located in Monroe, Ohio, which is located within this District and Division.

## IV.
## BACKGROUND FACTS

18. Defendant Baker Concrete Construction Inc. provides full-service structural concrete, deep foundations, and restoration for commercial, industrial, and infrastructure projects. They provide turnkey services including design build, tilt-wall construction, and industrial floors for stadiums, and high-rise developments.[2]

19. To provide its services, Baker employed (and continues to employ) numerous hourly, non-exempt laborers—including Plaintiff and the individuals that make up the putative collective.

20. Plaintiff and the Putative Collective Members were employed by Baker as non-exempt laborers who were not paid for all hours worked, including hours worked in excess of forty (40) hours each workweek.

21. Plaintiff and the Putative Collective Members' job duties include fabrication and installation of concrete foundations and structures on behalf of Baker's customers.

22. While exact job titles may differ, these hourly, non-exempt employees were subjected to the same or similar illegal pay practices for similar work.

23. Importantly, none of the FLSA exemptions relieving a covered employer (such as Baker) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective Members.

---

[2] https://bakerconstruction.com/.

24. Plaintiff Patterson was employed by Baker as a Journeyman Concrete Finisher from approximately August 2023 until April 2024.

25. Plaintiff and the Putative Collective Members typically worked five (5) to six (6) days a week, and approximately ten (10) hours per day—these are referred to as "on-the-clock" hours.

26. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Baker resulting in the complained of FLSA violations.

27. Plaintiff and the Putative Collective Members are similarly situated with respect to their job duties – that is, they are (or were) responsible for fabricating or installing concrete on behalf of Baker's customers.

28. Plaintiff and the Putative Collective Members are similarly (if not identically) situated with respect to their pay structure in that they are all paid on an hourly basis, and were not paid for mandatory post-shift waiting time.

29. Plaintiff and the Putative Collective Members are similarly situated with respect to the policies (and practices) of Baker resulting in the complained of FLSA violations.

**Unpaid Post-Shift Waiting Time**

30. In addition to their "on-the-clock" hours, Plaintiff and the Putative Collective Members regularly worked between fifty (50) minutes to ninety (90) minutes "off-the-clock" per week and have not been compensated for that time.

31. Plaintiff and the Putative Collective Members were not (and continue to not be) compensated for all the hours they worked for Baker as a result of Baker's corporate policy and practice of requiring Plaintiff and the Putative Collective Members to remain at their workstation until released by their respective supervisor.

32. Specifically, Baker required Plaintiff and the Putative Collective Members to wait at their workstation past their scheduled shift end time until their respective supervisor came to their workstation to have them sign out and permit them to leave.

33. Plaintiff and the Putative Collective Members were not permitted to leave their respective workstations until they signed out on the supervisor's sign out sheet and were released by their supervisor.

34. Plaintiff and the Putative Collective Members typically stayed ten (10) to fifteen (15) minutes past their scheduled shift end time waiting for their supervisor to release them.

35. Even though Plaintiff and the Putative Collective Members stayed ten (10) to fifteen (15) minutes past the end of their scheduled shift, they were not paid for this time as their supervisor would clock them out through the sign out sheet—and later through the time clock—at their scheduled shift end time.

36. Even though their supervisor knew Plaintiff and the Putative Collective Members worked past their scheduled shift end time by waiting for their release, Baker did not pay them for this time as the supervisors clocked them out at the end of their scheduled shift regardless of how late they stayed past their scheduled shift end time.

37. As Plaintiff and the Putative Collective Members worked forty (40) or more hours each week on-the-clock, the required unpaid waiting time qualified (and continues to qualify) as unpaid overtime.

38. As a result of Baker's failure to compensate Plaintiff and the Putative Collective Members for all hours worked, Plaintiff and the Putative Collective Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

39. Baker knew or should have known that they were not (and are not) compensating Plaintiff and the Putative Collective Members for the proper amount of overtime compensation in violation of the FLSA.

40. Baker knew or should have known that its failure to pay the correct amount of overtime to Plaintiff and Putative Collective Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective Members.

41. Because Baker did not pay Plaintiff and the Putative Collective Members time and a half for all hours worked in excess of forty (40) in a workweek, Baker's pay policies and practices willfully violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION
## (Collective Action Alleging FLSA Violations)

### A. FLSA COVERAGE

42. The preceding paragraphs are incorporated as though fully set forth herein.

43. The FLSA Collective is defined as follows:

> **ALL LABORERS WHO WERE EMPLOYED BY BAKER CONCRETE CONSTRUCTION, INC, AT ANY TIME FROM MARCH 3, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective Members").**

44. At all material times, Baker has been an employer within the meaning of the FLSA, 29 U.S.C. § 203(d).

45. At all material times, Baker has been an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

46. At all material times, Baker has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of infrastructure and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

47. Specifically, Baker employs numerous employees to provide construction services across the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

48. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Baker, these individuals provided services for Baker that involved interstate commerce for purposes of the FLSA.

49. In performing work for Baker, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

50. Specifically, Plaintiff and the FLSA Collective Members are (or were) hourly employees who assisted Baker's customers throughout the United States. 29 U.S.C. § 203(j).

51. At all material times, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

52. The proposed collective of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 43.

53. The precise size and identity of the proposed collective should be ascertainable from the business records, tax records, and/or employee and personnel records of Baker.

## B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA

54. Baker violated the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce, the manufacturing and installation of concrete structures, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

55. Moreover, Baker knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

56. Baker knew or should have known their pay practices were in violation of the FLSA.

57. Baker is a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

58. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) less sophisticated employees who trusted Baker to pay them according to the law.

59. The decision and practice by Baker to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful, and was neither reasonable nor in good faith.

60. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

61. All previous paragraphs are incorporated as though fully set forth herein.

62. Pursuant to 29 U.S.C. § 216(b), Plaintiff bring this action collectively on behalf of Baker's employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

63. Other similarly situated employees of Baker have been victimized by Baker's patterns, practices, and policies, which are in willful violation of the FLSA.

64. The FLSA Collective is defined in Paragraph 43.

65. Baker's failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Baker, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

66. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

67. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

68. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

69. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

70. Absent a collective action, many members of the proposed FLSA Collective will not likely obtain redress of their injuries and Baker will retain the proceeds of their violations.

71. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

72. Accordingly, notice of the action should be promptly sent to the FLSA collective of similarly situated plaintiffs as defined in Paragraph 43.

## VI.
## RELIEF SOUGHT

73. Plaintiff respectfully pray for judgment against Baker as follows:

a. For an Order certifying the FLSA Collective as defined in ¶ 43;

b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order pursuant to § 16(b) of the FLSA finding Baker liable for unpaid wages, including unpaid overtime wages, due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d. For an Order awarding the costs of this action;

e. For an Order awarding attorneys' fees;

f. For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

g. For an Order awarding Plaintiff a service award as permitted by law;

h. For an Order compelling the accounting of the books and records of Baker, at Baker's expense (should discovery prove inadequate); and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: March 3, 2026

Respectfully submitted,

**BARKAN MEIZLISH DEROSE COX, LLP**

By: */s/ Robert E. DeRose*
**Robert E. DeRose** (OH Bar No. 005214)
Anna R. Doren (OH Bar No. 0104562)
4200 Regent Street, Suite 210
Columbus, Ohio 43219
Telephone: (614) 221-4221
Facsimile: (614) 744-2300
Email: bderose@barkanmeizlish.com
adoren@barkanmeizlish.com

**ANDERSON ALEXANDER, PLLC**

By: */s/ Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24071993
lauren@a2xlaw.com
**Carter T. Hastings** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24101879
carter@a2xlaw.com
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Collective Members***